IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN RAY KING,
    Plaintiff,

vs.                                            Case No.: 5:09cv365/MCR/EMT

MARK HENRY, et al.,
    Defendants.
_____/

## ORDER

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted.

Plaintiff names ten Defendants in this action: Mark Henry, Warden of Graceville Correctional Facility (GCF); Colonel Stewart; D. Payne, Supervisor of the Medical Department at GCF; Nurse Gay Womble; Nurse Gonzalez; Kitchen Supervisor Durrance; Correctional Officer Skinner; Correctional Officer "John Doe"; GEO Group, Inc., a private corporation that operates GCF; and Prison Health Services (Doc. 1). Plaintiff asserts six claims against Defendants. He first claims that Warden Henry, Colonel Stewart, GEO Group, and Prison Health Services subjected him to unsafe and unhealthy conditions of confinement by exposing him to Environmental Tobacco Smoke (ETS) in violation of the Eighth Amendment. Second, he claims that Warden Henry and Colonel Stewart exposed him to cold temperatures by using only one of two heating units in the dormitory as a cost-saving measure and refused to provide inmates extra blankets or jackets, in violation of the Eighth Amendment. Third, he claims that Warden Henry, Medical Supervisor Payne, Prison Health Services, Nurse Womble, and Nurse Gonzalez denied him adequate medical care, in violation of the Eighth Amendment and Equal Protection Clause. Fourth, Plaintiff claims that Warden Henry, Colonel Stewart, and Kitchen Supervisor Durrance deprived him of a medically prescribed vegan diet, in violation of the Eighth Amendment and Equal Protection Clause. As his


fifth claim, Plaintiff claims that Warden Henry, Colonel Stewart, and GEO Group implemented policies that deprived him of sleep, which exacerbated his medical condition, in violation of the Eighth Amendment and Equal Protection Clause. Lastly, Plaintiff claims that Officers Skinner and "John Doe" were present during Plaintiff's consultation with a doctor and disclosed to their supervisors information discussed during the consultation, in violation of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 210 *et seq.*, the Eighth Amendment, the Equal Protection Clause, and Plaintiff's constitutional right to privacy.

Initially, it is clear that Plaintiff has included allegations of constitutional and federal law violations that are not related to the same basic incident or issue. Plaintiff is advised that persons cannot be joined in one action as Defendants unless Plaintiff's claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences **and** the claims share a common question of law or fact. *See* Fed. R. Civ. P. 20; Section 1983 complaint form, Section V. In the instant case, although Plaintiff asserts that all of the conduct of which he complains had the same effect upon him, that is, it exacerbated his medical condition, this does not satisfy the test for joinder under the federal procedural rules. Stated another way, it is clear from a review of Plaintiff's complaint that none of his six claims are sufficiently related to include in the same lawsuit. Therefore, each of Plaintiff's claims must be addressed in separate civil rights complaints.

In amending his complaint, Plaintiff should determine which incident or issue he desires to litigate in this action, and present only claims against Defendants which: (1) arise out of the same transaction or occurrence **and** (2) share a common question of law or fact. Plaintiff must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." He should name as Defendants only those persons who are responsible for the alleged constitutional violation asserted in the complaint. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that the

amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff is additionally advised that the complaint may not exceed twenty-five (25) pages absent leave of court upon a showing of good cause. N.D. Fla. Loc. R. 5.1(J)(3).

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not do any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint as instructed, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3. Plaintiff's failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

At Pensacola, Florida this 11th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**