IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN RAY KING,
    Plaintiff,

vs.                                          Case No.: 5:09cv365/MCR/EMT

MARK HENRY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's Motion for Preliminary Injunction and supporting memorandum (Doc. 4). As grounds for his motion, Plaintiff states he filed a civil rights complaint claiming that the conditions of his confinement constitute cruel and unusual punishment in violation of the Eighth Amendment (*id.* at 1–2). He states environmental tobacco smoke ("ETS") is present in some of the living quarters at Graceville Correctional Facility (GCF) because Defendants fail to enforce state smoking laws and regulations, sell tobacco to inmates, confine inmates twenty-one (21) hours a day without allowing "smoke breaks," and operate only one of two HVAC units as a cost-saving measure (*id.* at 2). Plaintiff states he is presently confined in "tobacco free" living quarters, as recommended by institutional medical staff, but he fears future retaliation by Defendants for filing this lawsuit, in the form of physical injury from other inmates, transfer to living quarters where ETS is present, or transfer to another correctional institution, which will separate him from his loved ones (*id.*). Plaintiff seeks an order enjoining the following: (1) physical contact from Defendants "via inmates or otherwise," (2) any change in Plaintiff's housing, including transfer to another institution, unless Plaintiff requests such change, (3) any disciplinary action or confinement, and (4) any cell inspection that is not part of a dormitory-wide inspection (*id.* at 3).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

1. There is a substantial likelihood that plaintiff will prevail on the merits;

2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant case, Plaintiff has failed to show that the relief sought in the motion is closely related to the conduct complained of in the actual complaint. The relief sought in the instant motion,

that is, an order enjoining physical contact by Defendants "via inmates or otherwise," prohibiting any change in Plaintiff's housing (including transfer to another institution), prohibiting any disciplinary action or confinement, and prohibiting any inspection of Plaintiff's cell that is not part of a dormitory-wide inspection, is not closely related to the conduct complained of in his complaint, namely, past exposure to ETS (from April 30, 2008 through June 29, 2009), inadequate medical treatment, exposure to extreme cold, deprivation of a medically required vegan diet, sleep deprivation, and revelation of private medical information (*see* Doc. 1). Moreover, Plaintiff does not allege any factual basis for his fear that Defendants will retaliate against him, including by means of transferring him to living quarters where ETS is present, for his filing of the instant lawsuit. Speculation is not a sufficient grounds for invoking the extraordinary remedy of a temporary injunction. Therefore, Plaintiff's motion for a temporary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 4) be **DENIED**.

At Pensacola, Florida this 11th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**